**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44397**

| | | |
|---|---|---|
| **SANTIAGO LOPEZ PRIETO,** | ) | **2017 Unpublished Opinion No. 457** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: May 2, 2017** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Christopher S. Nye, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Santiago Lopez Prieto, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Santiago Lopez Prieto appeals from the district court's judgment summarily dismissing his petition for post-conviction relief.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Prieto pled guilty to first degree arson; this Court affirmed Prieto's conviction and sentence. *State v. Prieto*, Docket No. 42200 (Ct. App. Jan. 27, 2015) (unpublished).

Prieto filed a pro se petition for post-conviction relief asserting he was incompetent to make sound judgments, his trial counsel was ineffective, and the State violated his constitutional rights and could have prevented his crimes by arresting him earlier. Prieto did not attach any affidavits in support. Rather, he attached several documents relevant to the underlying case.

The district court appointed counsel. At a status conference, Prieto's counsel stated: "Upon reviewing everything, I didn't see any claims which, based on my experience, were

1

meritorious." The court noticed its intent to dismiss the petition. The court dismissed each claim in the petition for one or more of the following reasons: (1) Prieto had not supported the claim with admissible evidence; (2) Prieto had waived the claim by failing to raise it on direct appeal; (3) Prieto had waived the claim by entering a valid guilty plea; and/or (4) the claim was not cognizable in post-conviction. Prieto did not respond to the court's notice of intent to dismiss within twenty days, and the court summarily dismissed Prieto's petition. Prieto timely appeals.

## II.

## ANALYSIS

Prieto asserts the district court erred in summarily dismissing his petition. A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations,

2

unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

On appeal, Prieto states: "Without question, the sort of evidence available for this type of challenge would be salvaged from matters outside the record of the underlying criminal case." Prieto then admits, "the post-conviction record, in its entirety, is deplete of any investigation of matters outside the record . . . ." Although Prieto asserts the district court erred in dismissing his petition, he does not challenge the court's reasons for dismissing the petition. Rather, Prieto asserts the district court erred in dismissing the petition because "there is nothing evident in the post conviction [sic] record that demonstrates any type of investigation by appointed [post-conviction] counsel relative to matters outside the record of the underlying criminal case." According to Prieto, "[w]ithout such demonstration being brought forth and made apart [sic] of the post-conviction record, the district court was left with making its decision based on supposition or guess work."

Prieto's argument on appeal fails to the extent it asserts the district court erred in summarily dismissing his petition on insufficient evidence. To avoid summary dismissal, a petitioner must support the allegations in his or her petition with admissible evidence. *Wolf*, 152 Idaho at 67, 266 P.3d at 1172. To the extent Prieto asserts the district court erred in summarily dismissing his petition on insufficient evidence, he fails to recognize it was his burden to support the allegations in his petition with admissible evidence. The district court did not err in summarily dismissing Prieto's petition because Prieto failed to support the allegations in his petition with admissible evidence.

Prieto's argument on appeal also fails to the extent it asserts post-conviction counsel failed to adequately investigate his petition and support it with admissible evidence. Post-conviction petitioners do not have a right to effective assistance of post-conviction counsel. *Murphy v. State*, 156 Idaho 389, 394, 327 P.3d 365, 370 (2014). Moreover, ineffective assistance of post-conviction counsel is not a cognizable claim for post-conviction relief. *See* I.C. § 19-4901(a); *Lee v. State*, 122 Idaho 196, 198-99 832 P.2d 1131, 1133-34 (1992); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). Thus, Prieto's claim that post-conviction counsel failed to adequately investigate his petition and support it with admissible evidence is not cognizable in post-conviction. Even if Prieto's claim of ineffective assistance of post-conviction counsel were cognizable, he failed to raise the issue in the district court. Generally, issues not raised below may not be considered for the first time on appeal.

4

*Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Thus, Prieto waived his claim of ineffective assistance of post-conviction counsel by failing to assert it below.

Because Prieto did not assert a cognizable post-conviction claim or challenge the district court's reasons for dismissing the petition, we affirm the district court's judgment summarily dismissing Prieto's petition for post-conviction relief for the same reasons. *See State v. Goodwin*, 131 Idaho 364, 366-67, 956 P.2d 1311, 1313-14 (Ct. App. 1998) (affirming trial court's ruling on unchallenged basis).

## III.

## CONCLUSION

Prieto did not assert a cognizable post-conviction claim or challenge the district court's reasons for dismissing the petition. We affirm the district court's judgment summarily dismissing Prieto's petition for post-conviction relief.

Judge MELANSON and Judge HUSKEY **CONCUR**.